**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:21-CV-00437-RGJ-CHL**

LARRY W.,[1]  **Plaintiff,**

v.

COMMISSIONER OF SOCIAL SECURITY,  **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is the Complaint filed by *pro se* Plaintiff, Larry W. ("Claimant"), which the Court has construed as seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). (DNs 1, 8.) The Commissioner filed a Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment. (DN 13.) *Pro se* Claimant did not file a response to the Commissioner's motion, and his time to do so has expired. Therefore, the Commissioner's motion is ripe for review. This case was referred to the undersigned Magistrate Judge for rulings on all non-dispositive motions. (DN 8.) As both forms of relief sought by the Commissioner are dispositive, 28 U.S.C. § 636(b)(1)(A)-(B), the undersigned issues the following report and recommendation.

For the reasons set forth below, the undersigned recommends that the Commissioner's Motion to Dismiss (DN 13) be **GRANTED** and that Claimant's Complaint (DN 1) be **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

On or about September 24, 2020, an administrative law judge ("ALJ") issued a partially-favorable decision finding that Claimant was "not disabled prior to June 30, 2019, but became

---

[1] Pursuant to General Order 22-05, the Plaintiff in this case is identified and referenced solely by first name and last initial.

disabled on that date and ha[d] continued to be disabled through the date of th[e] [ALJ's] decision." (DN 1-2, at PageID # 24.) Claimant subsequently requested an appeal to the Appeals Council, which denied his request for review on April 23, 2021. (DN 1, at PageID # 56-58.) On July 6, 2021, Claimant filed a Complaint against the Social Security Administration alleging that he has "Both phisical [*sic*] and mental disabilities and more" and that he "Exhausted State Remedies this is next step to Justice." (DN 1, at PageID # 52.) He attached copies of the ALJ's September 2021, decision, and the Appeals Council's April 23, 2021, denial of review to his Complaint.[2] (DN 1-1, at PageID # 13-22; DN 1-2, at PageID # 23-24; DN 1, at PageID # 56-58.) Despite being filed July 6, 2021, Claimant's filing was signed on June 22, 2021, and contained a handwritten note that it was "mailed June 22nd Springfield Library got witnesses." (DN 1, at PageID # 54; DN 1-3, at PageID # 30.)

## II. DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss, courts generally cannot consider matters outside of the pleadings. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Wysocki v. Int'l Bus. Mach.*

---

[2] The copy of the ALJ's decision attached to Claimant's Complaint was dated September 21, 2020, but the copy of the same decision attached to the Commissioner's motion was dated September 24, 2020. (*Compare* DN 1-2, at PageID # 24, *with* DN 13-1, at PageID # 175.) This factual discrepancy does not affect the outcome of this matter because the relevant date is the date of the Appeals Council's notice, which both Parties agree is dated April 23, 2021. (DN 1, at PageID # 56; DN 13-1, at PageID # 181.)

2

*Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)). But courts may consider " 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Id.* at 680-81 (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Further, "[a]ffidavits may be considered so long as 'they add nothing new, but, in effect, reiterate the contents of the complaint itself.' " *Evridge v. Rice*, No. 3:11-40-DCR, 2011 WL 6014407, at *2 (E.D. Ky. Dec. 2, 2011) (quoting *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997)).

Here, the documents attached to Commissioner's motion to dismiss include the partially favorable decision of the ALJ; the April 23, 2021, notice of Appeals Council action; and the Declaration of Rosanna Mapp confirming the details and dates of those attached documents. (DN 13-1.) As noted above, *pro se* Claimant attached copies of both the ALJ's and the Appeals Council's decisions to his Complaint. For this reason and because the documents attached to the Commissioner's motion to dismiss are referenced in Claimant's Complaint and central to his claims challenging the final decision of the Commissioner, the undersigned finds that the Court need not convert the Commissioner's pending Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment to consider these attachments.

**B.     Analysis**

The Commissioner argued in her motion to dismiss that Claimant's complaint is time-barred under 42 U.S.C. § 405(g). (DN 13.) Cases arising under Titles II and XVI of the Social Security Act are subject to judicial review, provided that certain conditions are met. 42 U.S.C. § 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (expressly adopting the standards for judicial review set forth in § 405(g)). Courts have found that Section 405(g)'s sixty-day statute of limitations is a limited waiver of sovereign immunity and must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 478-49 (1986). Despite Section 405(g)'s reference to mailing, the sixty-day period to file a civil action under Section 405(g) begins when the Appeals Council's notice denying review of an ALJ determination is received by a claimant. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). The date of receipt is presumed to be five days after the date of the notice unless the claimant makes "a reasonable showing to the contrary." *Id.* at 436-37; 20 C.F.R. § 422.210(c).

Here, the Appeals Council's notice denying Claimant's request for review was dated April 23, 2021. Because Claimant did not file a response, he made no argument sufficient to alter the five-day presumption of receipt set forth in the regulations. The undersigned finds Claimant is presumed to have received the Appeals Council's notice on April 28, 2021, and his limitations period expired sixty-days thereafter, or on June 28, 2021.[3] Claimant did not file his Complaint until July 6, 2021.[4] Therefore, the undersigned finds that Claimant's Complaint is untimely, and the Commissioner's motion should be granted.

---

[3] Sixty days after April 28, 2021, is technically April 27, 2021, but because this date was a Sunday, Claimant had until Monday, June 28, 2021, to file his complaint. *See Bartlik v. U.S. Dep't of Lab.*, 62 F.3d 163, 166 (6th Cir. 1995) (holding that if the statute of limitations period expires on a weekend, then it extends to the following business day); Fed. R. Civ. P. 6(a)(1)(C).

[4] Though Claimant's Complaint contains references to being mailed on June 22, 2021, this mailing date has no bearing upon the calculation of the statute of limitations in this matter. There is no mailbox rule applicable to suits by free citizens such as the instant case. *See Banks v. Astrue*, No 1:09CV-00022-J, 2009 WL 2046861, at *4 (W.D. Ky. July 13, 2009); *Clark v. Comm'r of Social Sec.*, 1:11-CV-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012).

While equitable tolling is permitted, none of the facts in this case weigh in favor of its application. In determining whether equitable tolling of the statute of limitations is appropriate, the Sixth Circuit considers the following five factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (citation omitted). Claimant bears the burden of establishing that equitable tolling applies in this case. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (citations omitted). But Claimant has made no argument regarding the application of the above factors and, therefore, has not sustained his burden of demonstrating he is entitled to equitable tolling. The undersigned also observes that Claimant was informed of both the sixty-day limitations period and the presumption of receipt within five days in the notice of the decision of the Appeals Council. The notice provided in relevant part

> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> . . .
>
> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

5

(DN 1, at PageID # 57; DN 13-1, at PageID # 182-83.)  Despite being advised of these time limits, Claimant still did not comply.  Claimant likewise offered no evidence that he requested additional time to file a civil action as offered in the language above, and the affidavit submitted by the Commissioner advised that the affiant was not aware of any such request having been made.  (DN 13-1, at PageID # 158.)  These facts do not support equitable tolling under the factors set forth above.

As Claimant's Complaint is barred by the applicable statute of limitations, and he has not demonstrated that the limitations period should be equitably tolled, the undersigned **RECOMMENDS** that Commissioner's Motion to Dismiss be **GRANTED**.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment (DN 13) be **GRANTED** and that Claimant's Complaint (DN 1) be **DISMISSED WITH PREJUDICE**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:   Counsel of Record, *Pro se* Plaintiff (via certified mail)           October 11, 2022

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all Parties.  28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).